IN THE UNITED STATES
FOR THE NORTHERN DISTRICT O

| | |
|---|---|
| JASON SHORE and COINABUL, LLC, individually and on behalf of all others similarly situated, | Case |
| Plaintiffs, | |
| v. | |
| JOHNSON & BELL, LTD, an Illinois corporation, | |
| Defendant. | |

1:16-cv-04363
Judge Milton I. Shadur
Magistrate Judge Susan E. Cox

DOCUMENT FILED PROVISIONALLY UNDER SEAL

FILED
APR 15 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFFS' MOTION TO TEMPORARILY SEAL

Pursuant to Local Rules 5.7 and 26.2 as well as Fed. R. Civ. P. 5.2(d), Plaintiffs Jason Shore and Coinabul, LLC ("Plaintiffs") hereby respectfully request that the Court enter an Order permitting them to temporarily file under seal documents that reveal, reference, or otherwise discuss (i) sensitive, protected, and confidential client-related information and documents in the custody and control of Defendant Johnson & Bell, LTD (a major Chicago-based law firm), and (ii) the specific manner in which Johnson & Bell makes that information and those documents publicly available (ie, through poorly-secured computer systems). Specifically, Plaintiffs request that the Court allow this Motion and the following three documents to be filed under seal pursuant to Local Rules 5.7 and 26.2 as well as Fed. R. Civ. P. 5.2(d):

- Plaintiffs' Class Action Complaint. Plaintiffs' verified complaint details how Johnson & Bell's computer systems make confidential client information belonging to Plaintiffs and thousands of other clients publicly accessible without authorization.

- Plaintiff's Motion for Temporary Restraining Order ("TRO"). Like Plaintiffs' Complaint, Plaintiffs' TRO describes how Johnson & Bell's computer systems make clients' confidential and sensitive information publicly accessible without authorization.

- The Declaration of Plaintiff's Expert Craig J. Snead, of Raw Digital, LLC ("Snead Declaration"), submitted in support of Plaintiff's TRO. The Snead Declaration contains detailed descriptions of Johnson & Bell's computer systems, the confidential and sensitive information they store, and how such information can be accessed without authorization through Johnson & Bell's systems.

Each of these filings reveals, in explicit detail, where and how Johnson & Bell has left its clients' confidential information unsecured and unprotected. The information that Plaintiffs seek to file under seal essentially provides what amounts to a step-by-step outline to anyone—including hackers, cybercriminals, or anyone else with a sense of curiosity—detailing how to access and/or compile exposed confidential client information and exploit the obvious security flaws in Johnson & Bell's computer systems. Were these filings to be made public before the at-issue security flaws are addressed and remedied, Plaintiffs and members of the putative Class would be exposed to a heightened risk of additional injuries—both economic and noneconomic. For example, if these filings are made public, highly valuable (and sensitive) intellectual property belonging to Johnson & Bell's clients will effectively be broadcast worldwide.

Plaintiffs are aware that absent an Order extending or setting aside the sealing, the above-referenced documents and their contents will become public on the seventh day following the date of filing. *See* L.R. 5.7(a)(3). But because of the reasons set forth in this Motion, Plaintiffs believe that special circumstances exist which require that the Court restrict access to this case at filing. *See* L.R. 5.7(a)(2). Plaintiffs therefore request that the Court enter an Order granting Plaintiffs' Motion to Temporarily Seal (1) their Class Action Complaint, (2) their Motion for Temporary Restraining Order, (3) the Snead Declaration, (4) this Motion, and (5) all related papers. Plaintiffs' request that these documents remain under seal until the security flaws in Defendant's computer systems have been adequately addressed and Defendant adequately secures its computer systems. In the alternative, should the Court deny this Motion, Plaintiffs

request that the Court grant an *in camera* hearing so that they may be heard on these issues and, at that time, discuss and request alternative relief in order to best protect their and absent Class members' interests should this matter be made public.

## I. ARGUMENT

The Court should grant Plaintiffs' request to temporarily seal this case. The public's legitimate interest in accessing judicial proceedings is overridden when "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Strait v. Belcan Engineering Grp., Inc.*, No. 11-cv-1306, 2012 WL 2277903, at *2 n.1 (N.D. Ill. June 18, 2012). Here there is more than simple good cause for sealing the case – Plaintiffs and the putative Class are in fact at risk of suffering serious harm if the Court does not grant this motion.

Courts appropriately restrict public access to a case where, as here, certain documents "might . . . become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). For example, courts in this District have sealed documents that contain "confidential financial information" to prevent the ramifications of that type of sensitive information becoming public. *See F.T.C. v. QT, Inc.*, No. 03-cv-3578, 2005 WL 2240874, at *5 n.21 (N.D. Ill. Sept. 14, 2005); *see also Cavin v. Home Loan Ctr. Inc.*, 469 F. Supp. 2d 561, 564 n.3 (N.D. Ill. 2007) (acknowledging that "detailed information about Plaintiffs' credit histories" were permitted to be filed under seal). Moreover, documents should be filed under seal where disclosure of the documents "could lead to a breach in the security of a [computer] system." *In re Google Inc. Gmail Litig.*, No. 13-md-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013). In these circumstances, sealing documents is necessary to prevent "hackers and spammers" with nefarious intentions from unlawfully accessing confidential information. *Id.*

Another interest which often overrides the public interest in access to court documents is the "privacy interests of the litigants." *Citizens First Nat'l*, 178 F.3d at 945. So "[a]lthough documents submitted to a court are presumptively available for public inspection in order to facilitate public monitoring of the courts, portions of documents that are shown to contain trade secrets, or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal." *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (internal citations omitted). Here, the privacy interests of Plaintiffs as well as those of the putative Class hang in the balance on this motion.

Plaintiffs' Complaint, TRO, and the Snead Declaration all contain detailed allegations and facts regarding Johnson & Bell's computer systems, which maintain clients' confidential and sensitive information. The Complaint's allegations (and the references to those allegations in the TRO and Snead Declaration) detail (i) how employees interact with Johnson & Bell's computer systems and databases through Johnson & Bell's website, time-tracking system, virtual private network, and email system, (ii) how Johnson & Bell's systems verify and authenticate users before providing them with access to the confidential client information stored on its servers, and (iii) how Johnson & Bell's verification and authentication process lacks basic industry-standard protections—essentially allowing anyone, authorized or not, to access confidential records and client information stored by Johnson & Bell. The Snead Declaration, in turn, forensically describes and confirms allegations in the Complaint regarding Johnson & Bell's computer systems and publicly available websites.

Plaintiffs seek to file these materials under seal because their release would almost certainly lead to further unauthorized disclosure of Plaintiffs' and the putative Class's sensitive

and private client information. Johnson & Bell is a major Chicago law firm, employing nearly 100 attorneys, and the nature of this lawsuit is sure to draw attention from the media. Given this potential exposure, there is a high likelihood that the methods and practices detailed in the Complaint, TRO, and Snead Declaration would draw further attention to the at-issue confidential client information (which is already vulnerable and exposed to the public). Worse, the forensic details contained in the documents would provide malicious users with a blueprint to compile hundreds of thousands of records of confidential client information belonging to Plaintiffs and the putative Class, alerting them to Defendant's unsecured computer systems and their lack of basic safeguards against unauthorized access.

Plaintiffs and the putative Class have already been harmed by Johnson & Bell's practices of making their confidential client information publicly accessible through its websites. They would face further harm if hackers and criminals were directly alerted to Defendant's insecure computer systems. *See Purdy v. Burlington Northern and Santa Fe Railway Co.*, No. 98-cv-833, 2000 WL 34251818, at *4 (D. Minn. Mar. 28, 2000) (stating that the *threat* of the disclosure of private information constituted irreparable harm). Because the disclosure of the above-described information "could lead to a breach in the security of [Johnson & Bell's computer] system" and the further unauthorized disclosure of Plaintiffs' and the Class's confidential client information, the Court should grant Plaintiffs' Motion to Seal. *See In re Google*, 2013 WL 5366963, at *3. Indeed, making Plaintiffs' allegations and related material publicly available would let "hackers and spammers"—along with anyone else who cared to do so—"use [the] information" for malicious purposes. *Id.*

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order granting Plaintiffs' Motion to Temporarily Seal until these issues have been addressed through the

Temporary Restraining Order and Preliminary Injunction proceedings and Defendant secures its computer systems, or until further order of the Court.

Respectfully Submitted,

**JASON SHORE AND COINABUL, LLC**, individually and on behalf of all others similarly situated,

Dated: April 15, 2016

By: *[signature]*
One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin Richman
brichman@edelson.com
Benjamin Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

Todd Logan*
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.234.5260
Fax: 415.373.9495

* *Pro Hac Vice* admission pending.

## CERTIFICATE OF SERVICE

I, Jay Edelson, an attorney, certify that on April 15, 2016, I will serve the above and foregoing *Plaintiffs' Motion to Temporarily Seal*, by causing true and accurate copies of such paper to be hand-delivered to the registered agent of Defendant, Johnson & Bell, LTD, on this 15th day of April 2016.