FILED
5/11/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JASON SHORE and COINABUL, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & BELL, LTD, an Illinois corporation,<br><br>Defendant. | Case No.: 16-cv-04363<br><br>DOCUMENT FILED UNDER SEAL<br><br>Hon. John W. Darrah<br><br>Magistrate Judge Susan E. Cox |

### PLAINTIFFS' MOTION TO UNSEAL CASE

Plaintiffs Jason Shore and Coinabul, LLC ("Plaintiffs") hereby respectfully request that the Court enter an Order unsealing the various pleadings, motions, and Orders that have been filed or entered in this case. In support of this Motion, Plaintiffs state as follows:

1. On April 15, 2016, Plaintiffs filed their Complaint, Motion for Temporary Restraining Order, and Motion to Temporarily Seal. The Court granted Plaintiffs' Motion to Temporarily Seal on April 21, 2016.

2. As set forth in the Motion to Seal, each of the initiating documents in this matter was filed provisionally under seal because they each "reveal[ed], in explicit detail, where and how Johnson & Bell has left its clients' confidential information unsecured and unprotected" and, as such, stood to expose Plaintiffs and members of the putative class to "a heightened risk of . . . [further] injuries." (Mot. to Temp. Seal at 2 ("[I]f these filings are made public, highly valuable (and sensitive) intellectual property belonging to Johnson & Bell's clients will effectively be broadcast worldwide.").) Therefore, the Motion sought to seal the case file until the three security vulnerabilities identified in the Complaint—which affected Defendant Johnson

& Bell, Ltd.'s ("Defendant") information technology infrastructure—had been addressed and remedied. (*Id.* at 5-6.)

3. During their initial appearance before Judge Shadur, counsel for Plaintiffs explained that—in the time that had elapsed since Plaintiffs' initial filings—Defendant had only remedied two of the three security vulnerabilities identified in the Complaint and, as such, Plaintiffs' and other putative Class members' confidential information remained exposed and at risk. The Court granted Plaintiffs' Motion to Temporarily Seal on that basis.

4. Following the April 21st hearing, counsel for Plaintiffs and Defendants exchanged several communications—in person, via telephone, and via email—regarding the remaining security vulnerability affecting Defendant's systems (the "JBoss Vulnerability," described in the Complaint at ¶¶ 18-25).

5. On May 4, 2016, counsel for Defendant represented that the JBoss Vulnerability had been fixed. That same day, counsel for Plaintiffs confirmed that the JBoss Vulnerability had, in fact, been remedied.

6. There is a strong presumption toward public disclosure of court files and documents, *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 603 (1982), as the "public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding," *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994). *See also Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308 (7th Cir. 1984) ("The public's right of access to judicial records has been characterized as 'fundamental to a democratic state,'" a presumption that "is of constitutional magnitude.") (citing collected cases); *In re Bank One Securities Litigation*, 222 F.R.D. 582, 585-86 (N.D. Ill. 2004) (citing *Globe Newspaper Co.,* 457 U.S. at 603 ("Public disclosure is justified further by the First

2

Amendment."). Thus, where the need to keep information under seal has disappeared, a court should "unseal the documents in [the] case and . . . permit the public to enjoy the right of free access to which it is entitled." *In re Bank One*, 222 F.R.D. at 584. This is particularly true in the case of a putative class action, where "putative class members [are entitled to] sufficient notice and information [of the case, claims, and defenses]." *See id.*

7. Here, the sole basis supporting Plaintiffs' Motion to Temporarily Seal—i.e., to protect Plaintiffs and putative Class members from the potentially irreparable harm likely to result from the three identified Johnson & Bell security vulnerabilities—is gone. Therefore, good cause no longer exists to keep this case from the public and the Court should order that the current seal be lifted. *See Global Material Technologies, Inc. v. Dazheng Metal Fibre Co., Ltd.*, 2015 WL 5611667, at *3 (N.D.Ill., 2015) (quoting *In re Bank One*, 222 F.R.D. at 586 (maintaining documents under seal requires an on-going showing of good cause, and "[i]f there is any doubt as to whether material should be sealed, it is resolved in favor of disclosure.").

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order unsealing this case and granting such other and further relief as the Court deems equitable and just.

Respectfully Submitted,

**JASON SHORE AND COINABUL, LLC,**
individually and on behalf of all others similarly situated,

Dated: May 5, 2016

By: _____
One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin Richman
brichman@edelson.com
Benjamin Thomassen

3

bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

Todd Logan (admitted *pro hac vice*)
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.234.5260
Fax: 415.373.9495
Firm ID: 44146

4

## CERTIFICATE OF SERVICE

I, Jay Edelson, an attorney, hereby certify that on May 5, 2016, I will serve the above and foregoing document by causing true and accurate copies of such paper to be transmitted to the persons shown below by electronic mail.

Michael C. Bruck
*mcb@willmont.com*
Willis Tower
233 S. Wacker, Suite 6100
Chicago, Illinois 60606-6359
WILLIAMS, MONTGOMERY, & JOHN LTD