

**FILED** PK
5/27/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JASON SHORE AND COINABUL | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-cv-04363 |
| v. | ) | |
| | ) | |
| | ) | |
| JOHNSON & BELL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW

Defendant JOHNSON & BELL LTD., by and through its attorneys, WILLIAMS MONTGOMERY & JOHN LTD., respectfully moves this Court to dismiss Plaintiff's "Verified Class Action Complaint and Demand for Jury Trial" pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and states as follows:

1. This is a putative class action brought against the law firm Johnson & Bell by the firm's former clients. Plaintiffs claim that implicit in their agreement with Johnson & Bell was the promise that in exchange for paying attorneys' fees Johnson & Bell would keep their confidential client information confidential. (Plaintiff's Complaint, attached hereto as Exhibit A, ¶ 66). Plaintiffs do not claim that this information was not kept confidential, but that it was "exposed" or "vulnerable" to possibly being compromised at some unknown point in the future.

2. Plaintiffs complaint alleges four causes of action, the latter three of which are plead in the alternative: 1) breach of contract, characterized parenthetically as legal malpractice; 2)

1

negligence, also characterized as legal malpractice; 3) unjust enrichment; and 4) breach of fiduciary duty. (*See generally*, Ex. A)[1].

3.      Plaintiffs allege that Johnson & Bell uses a suite of computer systems in its operation which are designed to interface with the internet (to be publicly accessible). (Ex. A, ¶ 13).  They further allege that these systems allow internet access in three of their functions: 1) Webtime time and billing; 2) virtual private network (VPN); and 3) e-mail. (Ex. A, ¶ 13).  Though plaintiffs do not allege these systems were ever compromised, they claim certain "vulnerabilities" which could possibly permit an intrusion at some point.

4.      Plaintiffs are seeking injunctive relief; a declaratory judgment finding that Johnson & Bell's conduct constituted malpractice, breach of contract, negligence, unjust enrichment and/or breach of fiduciary duty; and an order requiring Johnson & Bell to: 1) inform its clients that its computer systems are not secure; 2) allow an independent third-party firm to conduct an audit of its security systems; 3) forfeit attorneys' paid during the time of the alleged breach and any profits diverted from cybersecurity; pay attorneys' fees; and 5) pay pre- and post- judgement interest. (Ex. A, Prayer for Relief).

5.      Plaintiffs Complaint should be dismissed for the following separate but equally compelling reasons.

6.      First, Plaintiffs do not have standing to bring this action as Plaintiffs have not suffered a concrete and particularized injury. Standing under Article III of the United States Constitution requires Plaintiffs to demonstrate that they have "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed

---

[1] Refers to Exhibit A to Defendant's Memorandum of Law in Support of its Motion to Dismiss "Plaintiffs' Verified Class Action Complaint" Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed herewith.

by a favorable judicial decision." *Lewert v. P.F. Chang's China Bistro, Inc.*, No. 14-3700, 2016 WL 1459226, at *2 (7th Cir. Apr. 14, 2016) (quoting *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661, 186 L. Ed. 2d 768 (2013)). Plaintiffs are unable to demonstrate a "concrete and particularized injury" because none exists. There is no allegation of breach or that client confidences were ever disclosed and any claimed deficiencies no longer exist. Thus, Plaintiffs have not suffered a concrete and particularized injury and do not have Article III standing to bring their claims.

7.      Second, the allegations that Plaintiffs *do* make, namely, that they *could* have possibly been harmed in the uncertain future or that they were harmed by not "receiving the benefit of their bargain" do not give them standing. Plaintiffs cannot establish standing under Article III because they are not threatened with certainly impending future harm. Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151, 185 L. Ed. 2d 264 (2013). Further, Plaintiffs received the benefit of their bargain. They paid Johnson & Bell to keep their client information confidential and it remained confidential. Plaintiffs must allege something more than vague allegations of diminished services to prove standing. *In re Barnes & Noble Pin Pad Litig.*, No. 12-CV-8617, 2013 WL 4759588, at *5 (N.D. Ill. Sept. 3, 2013).

8.      Third, Plaintiffs' equitable claims should be dismissed because they are moot. Johnson & Bell's servers were never compromised—nor is it alleged that they were ever compromised—and none of the three alleged vulnerabilities exist today. A motion to dismiss should be granted when intervening events after the filing of a lawsuit prevent a court from

3

ordering any relief, thus rendering the case moot. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023, 185 L. Ed. 2d 1 (2013).

9.    Fourth, Plaintiffs' claim for unjust enrichment should be dismissed as a valid, written agreement governs the relationship between the parties. "[T]he existence of an express contract forecloses recovery under a theory, such as unjust enrichment, implied in law." *Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 256 (7th Cir. 2014).

10.    Fifth, Plaintiffs' breach of fiduciary duty claim should be dismissed as duplicative as Plaintiffs' first and second causes of action are for malpractice. "Illinois courts hold that 'when a breach of fiduciary duty claim is based on the same operative facts as a legal malpractice claim, and results in the same injury, the later claim should be dismissed as duplicative.'" *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004)

WHEREFORE, Defendant Johnson & Bell LTD, respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

WILLIAMS MONTGOMERY & JOHN LTD.

By: _____
    Attorney for Defendants

Michael C. Bruck
WILLIAMS MONTGOMERY & JOHN LTD.
233 South Wacker Drive - Suite 6100
Chicago, Illinois 60606-6359
mcb@willmont.com
T:  (312) 443-3200
F:  (312) 630-8500