

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASON SHORE and COINABUL, LLC,   )
                                   )
            Plaintiffs,       )    Case No. 16-cv-4363
      v.                   )
                                   )    Judge John W. Darrah
JOHNSON & BELL, LTD,           )
                                   )
            Defendant.      )

## <u>MEMORANDUM OPINION AND ORDER</u>

On April 15, 2016, Plaintiffs filed a Complaint, Motion for Temporary Restraining Order, and Motion to Temporarily Seal. The Motion to Temporarily Seal was granted on April 21, 2016. On May 26, 2016, Plaintiffs dismissed their claims without prejudice to refiling the claims in arbitration. Plaintiffs have now filed a Motion to Unseal the case. For the reasons set forth below, Plaintiffs' Motion to Unseal is granted.

## BACKGROUND

On April 15, 2016, Plaintiffs filed a Complaint, Motion for Temporary Restraining Order, and Motion to Temporarily Seal. The Complaint alleged that Defendant's information-technology infrastructure was compromised by three instances of a "JBoss Vulnerability" and that Plaintiffs' confidential information was exposed because of those vulnerabilities. The Motion to Temporarily Seal stated that the documents initiating the case should be filed under seal because they "reveal[ed], in explicit detail, where and how [Defendant] has left its clients' confidential information unsecured and unprotected" and left Plaintiffs under "a heightened risk of . . . injuries." The Motion to Temporarily Seal was granted on April 21, 2016. On

May 4, 2016, counsel for Defendant represented that the "JBoss Vulnerability" had been fixed; and Plaintiffs' counsel confirmed that on the same day. On May 26, 2016, Plaintiffs dismissed their claims without prejudice to refiling the claims in arbitration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) allows court materials to be sealed under certain circumstances. Generally, the record of a judicial proceeding is public, and there is a strong presumption that records should be public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). Judicial records may be sealed when there is a compelling interest in security, such as "trade secrets, the identity of informers, and the privacy of children." *Id.* at 928. The interest in secrecy is weighed against the public interest on a case-by-case basis. *Id.*

## ANALYSIS

In this case, the party seeking to unseal the documents is the party that initially sought protection. Plaintiffs argue that, since the security vulnerabilities have been fixed, this case should now be made public. After a protective order has been entered, the party seeking to protect documents "must continue to show good cause for confidentiality when challenged." *In re: Bank One Securities Litig. First Chi. Shareholder Claims*, 222 F.R.D. 582, 586 (N.D.Ill.2004). The party seeking to keep records sealed must show that disclosure will result in a "clearly defined and serious injury" by pointing to "specific demonstrations of fact." *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) (citing *In re: Aqua Dots Prods. Liab. Litig.*, 08 CV 2364, 2009 WL 1766776, at *1, *4 (N.D.Ill. June 23, 2009)). "If there is any doubt as to whether the material should be sealed, it is resolved in favor of disclosure." *In re: Bank One*, 222 F.R.D. at 586.

2

Defendant argues that this case should remain under seal as the parties have agreed to arbitrate a dispute, or at least until such time that a decision is made as to whether the case will go to arbitration or proceed in court, and cites *Walker v. Gore*, No. 1:08-CV-0549-DFH-WTL, 2008 WL 4649091, at *1 (S.D. Ind. Oct. 20, 2008). In *Walker*, the plaintiffs brought the lawsuit *after* agreeing to arbitration. *Walker*, 2008 WL 4649091, at *1. The *Walker* defendants argued that they had agreed to arbitration in order to maintain confidentiality. *Id.* Here, arbitration did not arise until after Plaintiffs filed the present suit.

As the Seventh Circuit has stated, "[m]any a litigant would prefer that the subject of the case . . . be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). Defendant has not presented the type of clearly defined and serious injury necessary to outweigh the presumption of public access.[1] Nor has Defendant argued that there is a compelling interest in security.

## CONCLUSION

Plaintiffs' Motion to Unseal the case is granted.

Date: _____December 8, 2016_____     /s/ John W. Darrah

JOHN W. DARRAH
United States District Court Judge

---

[1] Defendant argues that unsealing the case would lead to a record solely consisting of Plaintiffs' "self-serving positions" in the Complaint. However, this is incorrect as Defendant's motion to dismiss would also be in the record. Additionally, Defendant does not argue that Plaintiffs' allegations are a clearly defined and serious injury.