UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON SHORE and COINABUL LLC, ) | |
| ) | |
| Plaintiffs, ) | Case No. 16-cv-4363 |
| v. ) | |
| ) | Judge John W. Darrah |
| JOHNSON & BELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On April 15, 2016, Plaintiffs filed a Complaint, Motion for Temporary Restraining Order, and Motion to Temporarily Seal, claiming Plaintiffs' confidential information was at risk because of Defendant's IT security failures. Plaintiff's Motion to Unseal the Case was granted on December 8, 2016. Defendant has filed a Motion to Direct Plaintiff to Proceed to Arbitration on an Individual Basis and Enjoin Class Arbitration [39]. For the reasons discussed below, Defendant's Motion [39] is granted.

## BACKGROUND

Defendant Johnson & Bell represented Plaintiffs Jason Shore and Coinabul LLC in *Hussein v. Coinabul, LLC, et al.*, No. 14-cv-5735. Plaintiffs signed a client engagement letter, which set out the terms of the legal representation and included an arbitration clause. The arbitration clause stated:

> Although we do not expect that any dispute between us will arise, in the unlikely event of any dispute under this agreement, including a dispute regarding the amount of fees or the quality of our services, such dispute shall be determined through binding arbitration with the mediation/arbitration services of JAMS Endispute of Chicago, Illinois. Any such arbitration shall be held in Chicago, Illinois[,] unless the parties agree in writing to some other location. Each party to share the costs of the arbitration proceeding equally. Each party will be responsible for their own attorney's fees incurred as a result of the arbitration proceeding.

(Compl. Exh. 2.) The *Hussein* case ended after an Order of Deafult Judgment was entered against Coinabul, LLC and Jason Shore on July 6, 2015. Jason Shore was dismissed with prejudice *via* stipulation on July 1, 2016.

Plaintiffs' Complaint specifically alleged that Defendant's information-technology infrastructure was compromised by three instances of a "JBoss Vulnerability"[1] and that Plaintiffs' confidential information was exposed because of those vulnerabilities. The Motion to Temporarily Seal stated that the documents initiating the case should be filed under seal because they "reveal[ed], in explicit detail, where and how [Defendant] has left its clients' confidential information unsecured and unprotected" and left Plaintiffs under "a heightened risk of . . . injuries." The Motion to Temporarily Seal was granted on April 21, 2016. On May 4, 2016, counsel for Defendant represented that the "JBoss Vulnerability" had been fixed; and Plaintiffs' counsel confirmed that on the same day. On May 26, 2016, Plaintiffs dismissed their claims without prejudice to refiling the claims in arbitration.

On July 12, 2016, Plaintiffs filed a related Complaint in arbitration as well as a demand for class arbitration before JAMS.

## LEGAL STANDARD

Pursuant to the Federal Arbitration Act ("FAA"):

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

---

[1] Defendant's time-tracking system was built on a version of "JBoss Application Server," which Plaintiffs allege has been recognized as particularly vulnerable to hacking.

2

9 U.S.C. § 4. "An agreement to arbitrate is treated like any other contract," and a "party can be forced to arbitrate only those matters that he or she has agreed to submit to arbitration." *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 857 (7th Cir. 2015).

## ANALYSIS

Defendant argues that whether or not Plaintiffs may proceed to class arbitration is a gateway question for the Court to decide and not the arbitrator and that the client engagement letter does not provide for class arbitration.

*Gateway Issue*

Defendant argues that the issue of class arbitration is an issue of arbitrability, which is presumably a gateway issue for a court to decide. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (plurality opinion). "[Q]uestion[s] of arbitrability . . . which include certain gateway matters, such as whether parties have a valid arbitration agreement or whether a concededly binding arbitration clause applies to a certain type of controversy . . . are presumptively for courts to decide," *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n. 2 (2013) (internal quotation marks omitted), "unless the parties clearly and unmistakably provide otherwise," *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotation marks omitted).

The Supreme Court and the Seventh Circuit Court of Appeals have not yet specifically ruled on whether the availability of class arbitration is a gateway issue. *See Oxford*, 133 S. Ct. at 2068 n. 2 (2013) (". . . this Court has not yet decided whether the availability of class arbitration is a question of arbitrability."). The Third, Fourth, and Sixth Circuits have held that the class arbitration question is a question of arbitrability for a court to decide. *See*

3

*Dell Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 875 (4th Cir. 2016); *Opalinski v. Robert Half Int'l, Inc.*, 761 F.3d 326, 335 (3d Cir. 2014); *Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 599 (6th Cir. 2013).  The Fifth Circuit has held that class arbitration is a procedural question for the arbitrator.  *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 196 (5th Cir. 2016).  Courts in this district are divided; with most holding that the availability of class arbitration is a procedural question and not a gateway question.  *See Henderson v. United States Patent Comm'n, Ltd.*, 188 F. Supp. 3d 798, 802-03 (N.D. Ill. 2016); *compare Williams-Bell v. Perry Johnson Registars, Inc.*, No. 14-cv-1002, 2015 WL 6741819, at *6 (N.D. Ill. Jan. 8, 2015) (holding the availability of class arbitration is a procedural question for an arbitrator to decide).

The *Henderson* opinion is persuasive.  The Seventh Circuit has held that consolidated arbitration is a procedural issue for the arbitrator to decide.  *See Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 581 (7th Cir. 2006); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011).  Most courts in this district have analogized consolidated arbitration and class arbitration in holding that class arbitration is a procedural question.  However, as the Seventh Circuit noted, consolidating claims does not "change the stakes," and "whether it would be simpler and cheaper to handle twelve claims separately or together" is a procedural issue.  *Blue Cross Blue Shield of Massachusetts, Inc.*, 671 F.3d at 639.  Class-action proceedings, however, are fundamentally different:

> Class actions always have been treated as special. One self-selected plaintiff represents others, who are entitled to protection from the representative's misconduct or incompetence. Often this requires individual notice to class members, a procedure that may be more complex and costly than the adjudication itself. . . .  As a practical matter the representative's small stake means that lawyers are in charge, which creates a further need for the adjudicator to protect the class. Finally, class actions can turn a small claim into a whopping one. . . .

4

> Consolidation of suits that are going to proceed anyway poses none of these potential problems.

*Id.* at 640. As *Henderson* noted, class arbitration brings several changes and concerns to arbitration, including the presence of otherwise absent parties and the limited judicial review of arbitration decisions. *Henderson*, 188 F. Supp. 3d at 804-805. Class arbitrability is not a procedural question because "class-action arbitration changes the nature of arbitration." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010). Whether or not the parties agreed to class arbitration is a question of arbitrability for a court to decide.

Plaintiffs argue that, even if class arbitrability is presumptively a question for courts, the parties here agreed to arbitrate questions of arbitrability. Courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 939 (1995) (quoting *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986)). Plaintiffs claim that the selection of JAMS as a forum impliedly accepted governance of any dispute under JAMS rules. However, the cases cited for this proposition involve cases where both the forum and the rules of that forum were explicitly accepted. *See, e.g., Williams-Bell*, 2015 WL 6741819 at *5 (arbitration clause specified the American Arbitration Association as a forum and specified the use of their rules). The arbitration clause in this case does not specify that JAMS rules will apply. Nor does the arbitration clause incorporate JAMS rules by reference. "For a contract to incorporate all or part of another document by reference, the reference must show an intention to incorporate the document and make it part of the contract." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir.2002) (internal quotation marks omitted). There is no clear and unmistakable evidence that the parties agreed to arbitrate issues of arbitrability.

5

*Class Arbitration*

Defendant argues that the client engagement letter's arbitration clause does not authorize class arbitration. "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2067 (2013) (quoting *Stolt-Nielsen*, 559 U.S. at 684) (internal quotation marks omitted). The plain language of the client engagement letter is silent as to class arbitration and cannot be construed to provide class arbitration was intended. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 347 (2011) (observing that "the agreement at issue" in *Stolt-Nielsen*, "which was silent on the question of class procedures, could not be interpreted to allow them because the changes brought about by the shift from bilateral arbitration to class-action arbitration are fundamental") (internal quotation marks omitted). The Supreme Court has expressed doubt that an agreement to authorize class arbitration can be implied. *See Oxford Health Plans*, 133 S. Ct. at 2071 (J. Alito concurring) ("If we were reviewing the arbitrator's interpretation of the contract *de novo*, we would have little trouble concluding that he improperly inferred "[a]n implicit agreement to authorize class-action arbitration . . . from the fact of the parties' agreement to arbitrate.") (citation omitted).[2] The client engagement letter's arbitration clause does not explicitly or implicitly agree to the use of class arbitration.

---

[2] Plaintiffs argue that the use of an alleged form client-engagement agreement means that all parties intended class arbitration. The client engagement letters make clear that the agreement is between Defendant and a particular client or clients. The argument that the use of client engagement letters means that Defendant and other absent parties contracted and *intended* to engage in class arbitration is unpersuasive.

**CONCLUSION**

For the reasons discussed above, Defendant's Motion to Direct Plaintiff to Proceed to Arbitration on an Individual Basis and Enjoin Class Arbitration [39] is granted. Plaintiffs shall proceed to arbitration individually, and there is no basis for class arbitration.

Date:    February 22, 2017        /s/ _____
                                                                                   JOHN W. DARRAH
                                                                                  United States District Court Judge